DOWNEY, JAMES C., Associate Judge.
Appellant contends his conviction and sentence should be reversed and a new trial granted because the State’s primary witness testified falsely concerning beneficial treatment he was to receive from the State on his pending criminal charges in return for the witness’s testimony for the State and against the appellant in this case. There is no record support for this assertion. However, appellant has submitted a transcript of the witness’s plea proceeding in another case, which appellant contends demonstrates that the State negotiated “a deal” with the witness for more lenient treatment if he testified favorably for the State in appellant’s trial.
Appellant suggests that we take judicial notice of the plea proceeding in the other case and reverse the trial judge in this case. We do not feel that judicial notice is appropriate in these circumstances. Our appellate function is to review judicial acts of the trial court. But the argument appellant presents here was never presented to the trial judge, and he would no doubt find it odd to be reversed on a matter never presented to him.
If there is merit in appellant’s contention vis-a-vis his entitlement to a new trial, the orderly way to obtain relief therefor under the circumstances of this ease would appear to be by motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Accordingly, the judgment and sentence appealed from is affirmed without prejudice to appellant’s right to seek appropriate post conviction relief.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.